RECEIVED CP
4/09/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:21-CV-01941
JUDGE JOHN F. KNESS
MAGISTRATE JUDGE JEFFREY T. GILBERT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAKUB MADEJ, <br><br> Plaintiff, <br><br> v. <br><br> DISCOVER FINANCIAL SERVICES, INC., <br><br> Defendant. | Civil Action No. 21-cv-____ <br><br> JURY TRIAL DEMANDED <br><br> MARCH 28, 2021 <br><br> 47 U.S.C. § 227 (TCPA) |

## COMPLAINT FOR VIOLATIONS OF TCPA, 47 U.S.C. § 227

Plaintiff Jakub Madej ("Mr. Madej") alleges:

### NATURE OF THIS ACTION

1. Discover is perhaps the most prolific robocaller in the nation. In this case, Discover made 312 automatic "robocalls" to Plaintiff's primary phone number from at least five phone numbers on 84 different days between November 17, 2020 and March 24, 2021 to sell its financial services, collect an unspecified and alleged debt, and obtain data via "validator calls" for sale. These calls harassed Plaintiff, invaded his privacy and caused Plaintiff to change his phone number. Plaintiff has never consented to these calls. Discover never asked for his consent either and never intended to obtain permission to call. To curb Discover's never-ending and deliberate violations of TCPA, Mr. Madej now seeks an order finding Discover liable under TCPA, enjoining Discover from further violations of TCPA, and awarding him compensatory and punitive damages for past deliberate violations.

### PARTIES

2. Plaintiff Jakub Madej is a natural person.

3. Discover Financial Services is a financial services company headquartered in Riverwoods, Illinois.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 47 U.S.C. § 227(b)(3) (TCPA).

5. This court has personal jurisdiction over Discover because Discover regularly transacts business in the Northern District and a material portion of the events at issue occurred there.

6. Venue is proper in Northern District of Illinois under 28 U.S.C. § 1391(b) because Discover regularly transacts business in this District and maintains a registered office there.

## STATUTORY FRAMEWORK AND SOURING REALITY

7. Congress passed the Telephone Consumer Protection Act (TCPA) in 1991 to protect consumers from unwanted telephone calls, text messages, and faxes. 47 U.S.C. § 227, Pub.L. No. 102–243, 105 Stat. 2394 (Dec. 20, 1991).

8. As relevant here, TCPA outlaws two practices: (i) using an automatic telephone dialing system or an artificial or prerecorded voice message without the prior express consent of the called party, 47 U.S.C. § 227(b)(1)(A), and (ii) using artificial or prerecorded voice messages to call residential telephone lines without prior express consent. § 227(b)(1)(B).

9. As TCPA generated a flurry of class action suits, businesses have treated litigation as ordinary course of business. According to the YouMail National Robocall Index (YNRI), Americans received 4.6 *billion* robocalls in February 2021. That's 1,900

calls every *second*, and 14.1 calls per every individual in the country. *See* https://robocallindex.com/ (last visit Mar. 27, 2021).

10. Americans' outrage at these flagrant violations of law is perhaps best reflected in the titles of various bills introduced in Congress, some of which appear below.

| Name of the Bill | Session of Congress | Became Law? |
| --- | --- | --- |
| Spam Calls Task Force Act of 2019 | 116th Congress | No |
| Ending One-Ring Scams Act of 2019 | 116th Congress | No |
| Tracing Back and Catching Unlawful Robocallers Act of 2019 | 116th Congress | No |
| Locking Up Robocallers Act of 2019 | 116th Congress | No |
| Telephone Robocall Abuse Criminal Enforcement and Deterrence Act (Palone-Thune TRACED Act) | 116th Congress | Yes |

## FACTUAL BACKGROUND

### Discover's Robocalls Violated TCPA

11. Mr. Madej has used (203) 928-8486 as his primary phone number since August 2016 until March 2021. Mr. Madej is the only subscriber of this number.

12. Between November 17, 2020 and March 24, 2021, Discover Financial made at least 312 calls to (203) 928-8486, Plaintiff's primary telephone number. Discover called Mr. Madej from several numbers, including (614) 758-2143, (614) 758-2377, (385) 261-7114 (480), 481-1848 and (385) 261-7110. The table below demonstrates specific periods when Discover made these illegal calls to Mr. Madej.

| Time Frame | Originating Number | Number of Calls |
|---|---|---|
| February 10 – March 9, 2021 | (614) 758-2143 | 98 |
| November 17 – December 8, 2020 | (614) 758-2377 | 79 |
| January 2 – February 1, 2021 | (385) 261-7114 | 68 |
| March 15 – March 24, 2021 | (480) 481-1848 | 36 |
| February 2 – February 9, 2021 | (385) 261-7110 | 31 |

13. The list above will be amended to include every call Discover placed after this complaint has been filed but before trial.

14. Discover uses more than 100 different phone numbers in the ordinary course of business to make such "robocalls". Oftentimes, Discover uses most or all these numbers to make thousands of phone calls simultaneously to thousands of consumers without any human intervention. Discover uses so many different numbers also to avoid detection and disguise the scale of its operations.

15. Discover regularly changes the number from which it contacts the same consumer to maximize the chance of reaching that person without regard to that person's privacy.

16. To make these calls, Discover used automatic telephone dialing system which containing prerecorded voice and which operated without human intervention.

17. Mr. Madej did not consent, whether directly or indirectly, to these calls. In particular, he did not consent to them in writing at any time.

18. Discover's phone did not have any meaningful informational purpose. Rather, Discover made them solely for commercial purposes to profit Discover. In particular, these calls were intended to:

   a. To collect an unspecified alleged debt, which Discover has not validated;

   b. To market its financial products and "solutions";

   c. To collect information, such as whether Plaintiff answered the call and when, to later sell it to third-party data analytics businesses.

19. Several of Discover's calls contained prerecorded messages that did not specify the intended recipient but were intentionally anonymized; the voice encouraged the customer to "immediately contact Discover" by calling Discover at a number given in the call but did not name Plaintiff or the intended recipient by name. Sometimes the call began with words: "this is an important message." Discover never uses its name during these calls to disguise the true identity of the caller.

20. Other calls Discover made ended 2 to 3 seconds after Plaintiff answered them. Discover makes them for analytics purposes – solely to verify if the number is still active, and whether that number should be contacted again.

21. To make these calls, Discover used a computerized system that had the capacity to, and in fact did, place autodialed calls. Discover never intended to connect Mr. Madej with a human agent.

22. Discover's calls did not stop when Plaintiff contacted Discover and requested that it ceased communication. Instead, Discover continued unabated to harass Mr. Madej.

23. Discover's conduct caused actual damage to Plaintiff by:

   a. invading his privacy with repeated automatic calls from several numbers at various times of the day;

   b. incurring charges;

   c. reducing Plaintiff's cellular telephone time;

d. blocking Plaintiff's voicemail by having to manually retrieve and delete the messages left by Discover.

### Discover Deliberately and Knowingly Violated TCPA

24. Discover knew that its calls to Plaintiff violated TCPA but nonetheless chose to make them.

25. Discover's strategy of harassing individuals and customers with repeated robocalls is a deliberate and calculated business strategy. Plaintiff was not an exception. Discover regularly places between 3-5 calls a day at previously specified intervals to various individuals, often from different phone numbers to conceal the caller's true identity and to prevent customers from blocking its calls.

26. Discover did not maintain a Do Not Call policy, as mandated by 47 C.F.R. § 64.1200 (d)(1).

27. Because Discover willfully and knowingly violated TCPA, Mr. Madej is entitled to compensatory damages and treble damages for each violation of TCPA. Accordingly, the Court should find Discover liable and impose full sanctions under the law.

### CLAIM FOR RELIEF

### Counts 1-312
### Violations of 47 U.S.C. § 227(b)

28. Between November 17, 2020 and March 24, 2021, Discover Financial operated an automatic telephone dialing system capable of storing random and sequential numbers, and made at least 312 separate calls from numbers (614) 758-2143, (614) 758-2377, (385) 261-7114 (480), 481-1848 and (385) 261-7110 to Plaintiff's primary phone

number, using said system, which operated without human intervention, in violation of Title 47, United States Code, Section 227 (TCPA).

29. Between November 17, 2020 and March 24, 2021, Discover Financial willfully and knowingly made 312 separate calls to Plaintiff even though it knew that doing so would violate TCPA because, among other reasons, Plaintiff did not consent to Discover's robocalls, Discover never obtained Plaintiff's written consent to these calls, Discover never intended to obtain Plaintiff's consent to these calls, Discover did not maintain TCPA policies, and Discover did not train its employees to observe such policies, all in violation of Title 47, United States Code, Section 227 (TCPA).

| Time Frame | Originating Number | Counts |
|---|---|---|
| February 10 – March 9, 2021 | (614) 758-2143 | 1-98 |
| November 17 – December 8, 2020 | (614) 758-2377 | 99-178 |
| January 2 – February 1, 2021 | (385) 261-7114 | 179-247 |
| March 15 – March 24, 2021 | (480) 481-1848 | 248-284 |
| February 2 – February 9, 2021 | (385) 261-7110 | 285-312 |

### PRAYER FOR RELIEF

Mr. Madej demands that the Court enter judgment in his favor and against Discover, and grant the following relief:

A. Find Discover liable for violating TCPA, 47 U.S.C. § 227(b), as set forth above;

B. Award statutory damages of $500 for each violation, for a total of $156,000;

C. Find that Discover willfully or knowingly violated TCPA, for reasons specified above;

D. Award punitive damages of $1,500 for each violation, for a total of $468,000;

E. Award Mr. Madej actual damages, in an amount to be proven at trial, for harassment and actual harm that resulted from Dialers' violations;

F. Enjoin Discover from committing further violations of TCPA;

G. Grant attorney's fees and reasonable costs and expenses incurred in this litigation;

H. Grant any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: March 28, 2021.

By: /s/ Jakub Madej
Jakub J. Madej
415 Boston Post Rd, Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

JAKUB MADEJ
415 BOSTON POST RD STE 3-1102
MILFORD CT  06460


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
ATTN: DOCKETING CLERK
219 S DEARBORN ST
CHICAGO IL  60604-1702